of America. Okay, Mr. Irwin. Good morning, I'm Joe Irwin, counsel for plaintiff appellant Jeanette Rost in her capacity as executor of the estate of her late father John Rebo. May it please the court. The question before the court today is not whether the NRA foundation that Mr. Rebo formed in Liechtenstein is a foreign trust. The question before the court is whether the IRS can impose a penalty from a statute that says foreign trust, which is a common law contractual arrangement on a foreign civil law legal entity. There are three bases for our position, the Administrative Procedure Act, the due process clause of the Fifth Amendment, and the duty of clarity. There are two themes kind of overriding or underlying everything we're thinking about. One is that there is absolutely no guidance from the Internal Revenue Service or Treasury on the connection between a foreign entity that is a legal foreign entity and a common law trust. The IRS does provide guidance on what is the trust, but generally in the domestic purposes and maybe in the income tax cases and estate tax cases, as is kind of explained in some of the due process cases that we'll talk later about. The other theme is that especially the due process cases make a difference between taxes and penalties. And as many of the cases illustrate, there's a difference between income tax cases and the transfer tax, estate gift and generation skipping taxes. The estate and gift taxes are in paramateria. They act the same under the same scheme and everything, but they act differently than income tax. And as the Supreme Court has told us in Sebelius and other cases, there is a difference between tax and penalties. Is it your position that this is or is not a trust? Your Honor, for penalty purposes, it is not a trust because the IRS, and that goes directly to the due process and duty of clarity arguments, because the IRS has not explained the legal gap between what the statute says and what the facts are. But the organizational documents refer to it as a trust, right? They refer to it as a foundation. Not a trust? Right, Your Honor. In fact, under the laws of Liechtenstein, Mr. Rebold could have formed a trust. It's one of the few civil law countries that have a set of trust statutes, but he did not, which begs the question even more, why hasn't the IRS offered guidance? Well, surely the United States government cannot allow labels attached to foreign vehicles to control the analysis for our tax laws, right? I mean, you have to probe beneath the label, whether it's a Stiftung. I mean, what is, that's a German word? Yes, Your Honor. What does it mean? Foundation. Okay, so it means foundation. I mean, but it could be anything, right? It could be called any, it could be in Chinese, right? But we have to probe beneath the label to figure out whether the vehicle qualifies as a trust for purposes of the tax code, right? Well, for income tax purposes, the analysis is different than it is for state tax purposes, than it is for penalty purposes. Okay, well, I mean, there's all kinds of distinctions in law. And the courts, as I understand it, are supposed to apply a fact-based test to figure out, okay, does this particular vehicle qualify as a foreign trust, right? Your Honor, what you said is exactly why we're here, because only one court has made the analysis that says Lichtenstein Foundation is a foreign trust. No other court has said that. In fact, the IRS has never said that explicitly other than in the notices of assessment for the penalties to Mr. Rebold. Well, I mean, surely you as – weren't Ms. Rost's or Mr. Rebold's attorneys on notice that this was a potential issue? Well – In other words, well, we could be concerned about this because it could qualify as a foreign trust, so we should be concerned about it, right? Well, that's a factual issue that was developed during the audit. During those years, Mr. Rebold was very elderly, and his mind was not quite all there. He filed tax returns for some years and not other years, and FBARs for some years and not other years. So it was pretty inconsistent. But he had counsel, right, advising him. We don't know what the state plaintiff attorney said or not. Well, I mean, I've got something in the record here from an attorney. I don't know if it's you or not that says – and I don't know why this is in the record because it looks like a communication from an attorney. I don't know if it's a client privilege, but it says, I'm trying to find a way to treat the Ann Elrey Foundation as something other than a trust for U.S. tax purposes. Obviously, that is not easy, and the 2009 chief counsel memo does not help. So it seems like the lawyers knew that this could be an issue. So that's why I'm having trouble understanding like a due process argument. I mean we know that when people park money abroad – I mean I wrote a case called Bittner about FBAR. Yes, sir. The Supreme Court took cert in it, so maybe I was wrong about that, but we'll find out. But the point is you park money abroad, there could be tax consequences, and you have to do the analysis to figure out whether the vehicle qualifies as a trust. I don't see how that presents a due process problem. Your Honor, let's go straight to the due process and duty clarity issues because those are the ones that recognize the gap between what the statute says and what the facts are. In Central Illinois, the question was were reimbursement payments to employees income for wage withholding purposes? The Supreme Court said it's income for income tax purposes, but it's not – by the definitions in the regulations and statutes, it's not income for wage withholding purposes, so they don't have to withhold. And that's where the duty of clarity principle came up because the court recognized there's a gap between what the statute and regulation says and what the facts are. A simple analogy would be that might tie it all together is the statute says you must report foreign oranges. Mr. Rebo has foreign apples. The IRS asserts a penalty with no regulations. The IRS asserts a penalty against Mr. Rebo. It says you have foreign oranges because the foreign apples are like oranges because you can eat them and they're free. There's a gap between – and there's a difference between apples and oranges. And here we have a common law contractual arrangement and a foreign civil law legal entity. As you know, legal entities can be sued in their own name and sue other people. Look, we're sitting in a mixed jurisdiction right now, mixed civil law, common law jurisdiction. I have a law degree from a law school or I guess a law center in this jurisdiction, so I'm aware of the difference between civilian and common law concepts. And yet, for example, in secure transactions in Louisiana, there has to be an analogy between civilian concepts of secured instruments and the common law concepts so there can be commerce, right? So that's what we're doing here, right? We're looking at a civilian entity. We have to figure out whether it qualifies as the common law. Yes, Your Honor, and it does, but it depends on whether you're looking at it for income tax purposes, estate tax purposes, or penalty purposes. These are draconian penalties. The penalty under 6048A is 35% of the assets. It's not income. It's 30% of the assets. The penalty under 6048B1 is less, and the point I'd like to make about 6048B1, that's the penalty for failure to file Form 3520, Cap A, and it's only 5% and it's lesser. But there's a problem with the statute as Congress and IRS recognized because they had to amend it in 2010, and in the briefs I mentioned there was a statement by Senator Levin saying we're doing – essentially says we're doing this to fix the statute. And then years later, the Internal Revenue Service in its own internal document, the Internal Revenue Manual, the in-house handbook, says don't assess penalties for failure to file 3520 for these years because essentially it says the statute didn't work. So that's – The district court – I mean I guess what I'm struggling with is the district court classified this as a foreign trust, the Stifton. After effects and circumstances analysis. Sure, sure. And that's what – Are you saying the district court was incorrect in its analysis? It worked. I will admit that, but I think it's irrelevant. No, you're arguing that the district court made an error in classifying the Stifton as a foreign trust. I think it's irrelevant, because the question was not whether it's a foreign trust or not, because the question we presented that the district court ignored was does the statute allow the IRS to make this gap? Okay. I mean I'll go back and look at your brief, but are you saying you are not arguing that the district court made an error in the facts and circumstances analysis? I'm saying it's irrelevant, because they didn't address the question we presented. If you could just address my question. I know you say it's irrelevant, but are you also saying that it made a mistake in the analysis? If we had gotten to trial, we would have put on different facts and shown the trust was a sham, something like that. And if it had been a domestic trust, the IRS would have said it's a sham, and domestic grants or trusts often don't have to file a tax return anyway. They're on the individual owner's return. I understand. The court just didn't address the legal question. The legal question we presented instead addressed the question of does it fit what the IRS said, not the question we raised. It didn't address the gap. It didn't address the 6048B1 question. It was fine for what it did, but it wasn't what we were presenting. Okay, I understand. I think I've covered the main points. The only thing I would add is just that the due process and duty of clarity cases are somewhat similar. The duty of clarity cases, primarily Central Illinois, focus in and are more narrow and would be a stronger basis for holding the penalties invalid. The Administrative Procedure Act challenge, that could go to everything because Notice 9734 said we will issue regulations later, and they never did. And Notice 9734 became the instructions for Forms 3520, 3528. The IRS has failed every chance it got on this. It hadn't issued regulations in the 25 years the statute's been in existence. And the due process cases and the duty of clarity cases just beg for some sort of guidance so that you don't have this legal and logical gap between what the statute says and what the facts are. All right, thank you, Mr. Irwin. You've saved time for rebuttal. Ms. Rubin? Good morning, Your Honors. My name is Jennifer Rubin, and I represent the United States in this matter. As we just saw, most of the arguments here really come down to a simple question. Is it irrelevant, is all of the things that have been cited by the government and the district court to define this entity as a foreign trust irrelevant? Everything flowing from IRC Section 7701A, the regulations implementing that provision, and the case law interpreting that provision, is it irrelevant? Or is it the only really relevant thing that's been discussed in the briefs? There's a reason why the court relied on it below. There's a reason why we cited it throughout our briefs. There's a reason why the Supreme Court has applied these principles in various contexts. And that's because Congress told us to do so. At the beginning of IRC Section 7701A, it states that the definitions that it contains should apply throughout the code. There's no exception for penalties, no exceptions for criminal provisions, no exception for a provision that's not a penalty but that could lead to a penalty, no distinction between income tax or estate tax. Those definitions are provided throughout the code. Unless otherwise distinctly expressed, or doing so would be manifestly incompatible with congressional intent. Now, we know that it was not distinctly expressed in Section 6048 that there should be some other definition for foreign trust. That is Ms. Ross' complaint in this case, is that neither Congress nor the Secretary of the Treasury made any special definition of foreign trust for Section 6048. But there's also been no showing that it would be manifestly incompatible with congressional intent to use the same definition of foreign trust here as obtains throughout the rest of the code. And I would actually argue that there's actual evidence in the text of the code and in the structure of foreign information reporting that shows that, in fact, it's perfectly compatible. Mr. Rebold filed what are called FBARs. These are reports of Swiss bank accounts that he owned. And that's one type of foreign information reporting. There's a second provision, and we talk about this in our brief at footnote 7 and it's also discussed throughout the reply brief. Section 6038 says, well, if you're the owner of a business entity, a foreign business entity, you have to do another type of report for those assets, for those bank accounts. And then you have 6048, which says, if it's a foreign trust and you're the owner, you have to do these sort of reports. So why, given that basically Section 7701A and its regulations divide the world between business entities and trusts, why would there be some sort of hole or gap, information gap? Why would there be any sort of different definition for foreign trust under Section 6048? We submit there would not be. But in all events, certainly Ms. Ross, who has the burden of proof here, has not shown that there would be. And she has not provided any evidence to show that Congress intended that anything other than the use of the regular terms from Section 7701A is implementing regulations in the Supreme Court's case law. Morrissey, Combs, Combs and Gilbert, what these cases tell you is that when you're trying to determine what type of entity you have in front of you, you apply a facts and circumstances test, looking very carefully, most specifically at the organizing document of the entity in front of you. And you say, was there a business objective and were there associates? And if there was neither of those two things, it's a trust. And then you look at the definitions of foreign and domestic and United States person. And what it tells you is that if you're going to be a domestic trust, that a United States court has to have authority over you. And a United States person has to have authority over you, control of you, the court and control test. Is the fact, is the foreign aspect of the definition even an issue in this case? I would say no. In fact, I would say they really haven't challenged the application of either part of those tests, the foreign or the trust. They're sort of over here saying, no, no, no, there needs to be something special going on here. There should be regulations. There should be definitions. But they really haven't challenged any aspect of the 7701 definitions, either the trust or the foreign. If I were a lawyer advising a client on whether this particular vehicle, the Stiftung, were a foreign trust for purposes of these sections, where would I go first in your view? What would be the best guidance that I could get? Well, the first thing I would do is I would look at Section 7701. As a tax attorney, I know that's where the definitions generally are found, particularly for a term like trust or foreign trust. It's kind of a common sort of term. And then I'd look at the regulations. Being an attorney who likes to be thorough, I would then look at the case law. And what I'd say is I'd look at Morrissey. I'd look at Combs. Are there cases that specifically treat the Stiftung? The one that does is the estate of Swan. It says, looking at this, they didn't have to find that it necessarily was, in that case, a trust because it dealt with an estate tax transfer by estate or otherwise. This is very like a private trust. When I look at its function, when I look at its documents, this is very like a private trust. And so I feel very comfortable saying here that this is subject to this tax. And also, at this point in time, there have been a few other things that have come out, such as there's a CCM AM 2009-12. But one thing we do know is this. In 2011, Ms. Ross had her attorney contact the attorney for NLRI. And this is ROA.527. And say, hey, I'm kind of looking into this to see if there's any issues with this entity. And she says, well, you should have filed forms 3520 and 3520A because this is a trust. She says, you should have filed these forms. And so that's what an attorney, when they finally went and actually talked to somebody, the attorney who represented NLRI and the board of directors, which is very much like a set of trustees, our immediate reaction is, you should have filed these forms. You need to get on that. And that's when you saw the response from counsel for Ms. Ross saying, yeah, I'm going to have to try to distinguish this because that's going to be hard to do. I think I was reading from that. So that's why it's in the record is because it was actually between two people who were not in an attorney-client relationship with each other. And, yes, it is hard to do because we have an organizing document here. And I think if you're going to look at ROA 434-35, it actually says, here's the purpose. It's to provide for beneficiaries and not to do business. The public registry for this entity in Liechtenstein says it does not do business. That's ROA 464-465. It was run by the equivalent of trustees. It paid trustees' fees. Now, we heard in the opening argument from Vice Dean Bacone that he said, well, if we'd gone to trial, we would have put on some evidence to show this was a sham. The thing is, we were at summary judgment, and that was the time to bring forward your evidence if they wanted to say it was a sham. I'll also say he never tried to treat it as a sham because if it was a sham entity, as we pointed out in footnote 7, then its bank accounts would be the equivalent of his bank accounts, and he should have filed an F-bar for those accounts. Instead, he did not file an F-bar. In these relevant tax years, he filed F-bars for his Swiss bank accounts but not for the Indeliby bank accounts. So I would say if there was evidence of a sham, which I have personally not seen in the record, it was his duty to find it, point it out to the court at summary judgment, and do so. What we have, in fact, is evidence at this point that looks like, in fact, he did respect the form. The penalties here, were they cut in half after review? They were cut in half. Why was that? Just curious. Why were they cut in half? I was not entirely certain because when I looked at the notice of determination, it wasn't very clear to me. I do know that there were arguments made both in that proceeding and in the district court about what his mental state was at various times, which to me might explain why they would have maybe gotten rid of the penalties entirely for 2008 to 2011. And for one of the years that issued here, 2006, the Form 3520 penalty is $0. But that just jumped out at me. That's because there were no transactions in 2006. So Form 3520 involves, if there's a transaction, either you created a trust or you made a transfer. 3520-A is basically here's the report about this trust that exists, what are its assets, etc., etc. So he created it and made a transfer in 2005. So there should have been both a Form 3520 and a Form 3520-A. He didn't do any transactions in 2006, but there should have been a Form 3520-A. In 2007, there was a transfer, so there should have been both types of forms. The fact that there's this body of law under Section 7701-A directly responds to the APA argument and the due process argument, the duty clarity argument. But there's some additional arguments there as well. Part of his arguments for both the APA and the due process clause are that there was some, quote, That has never been the IRS's position. The IRS's position is that like any entity created under any local law, whether it be Louisiana civil law, Lichtenstein civil law, or common law for any law, whatever law, under any label, it just needs to be considered under the facts and circumstances test developed under Section 7701-A, its regulations, and the case law. Secondly, on the duty of clarity, he keeps citing it, but if you look at the case law that deals with the duty of clarity, it only deals with secondary liability. And that's a situation where someone is obligated to withhold taxes almost as a tax collector for the IRS. And even though they themselves would not have owed the taxes, if they don't collect it and pay it over, then they have to pay the taxes. And what Central Illinois and this Court's decision in Bombardier Aerospace says is in that specific situation, the obligation to act as the deputy tax collector needs to be clear. That's not the situation. This is a situation where Mr. Rebold was obligated to take certain actions, and Mr. Rebold is directly liable for the penalty. And finally, getting to the last argument that my opponent briefly addressed, is the scope of the penalty, which is namely the 6048-B. He makes an argument on appeal that was not made at summary judgment, namely that because there was a 2010 amendment to Section 6048-B to state that the owner of a foreign trust is obligated to file that 3520-A type of report, and to ensure that the trust files it. He says, well, that means that you can't hit me with the penalty for years before 2010. This is a problem because, first of all, he didn't make it on summary judgment. He cites a few pages, and this is going to be ROA 219-20 and 306-07, that merely acknowledges that there was amendments made. It doesn't actually make any argument about the ensure point. But the final point is ensure has a common meaning. It's to make sure that something happened. And here's what we know. Form 3520-A was not filed for annulment in 2005, 2006, or 2007. In fact, they weren't filed until 2013. And he has never at any point identified any action that Mr. Rebold took to try to ensure that such a form was filed. And one of the things that Mr. Rebold always could have done to ensure that such a form was filed was to file it himself, which he definitely did not do. If there are no further questions, for all the reasons set forth in our brief, this court should affirm. Thank you. Thank you, Ms. Rubin. Mr. Irwin, you save some time for rebuttal. First of all, let me make clear, I did not begin to represent Mr. Rebold until after the year's in question. And some of the correspondence that counsel for the government have referred to relate to when we were trying to fix things, which actually highlights the difference between analyzing for penalties and analyzing for income tax. That's, like I said at the beginning, that's a theme that has to be a distinctive factor. In the duty of clarity cases, the government says it's all secondary liability. That secondary liability is enforced through penalties, responsible officer penalty, failure to deposit penalty. I mean, that's why the Supreme Court had a different type of analysis then. Is it just income? Yes, it's income, but you've got to – we're looking not at income. Is it income for withholding? You have to analyze the difference between what the penalty – what the analysis is for. Is it income tax or penalties? And another item that counsel for the government mentioned, which was just wrong, we did raise the issue of 6048B1 in the original complaint and in the motion of summary judgment. I don't know. Maybe they didn't read our brief, but we did. Counsel for the government refers to the articles of incorporation for the foundation that it's not supposed to do business, but it could act as a holding company, which actually is a common use for it. She also referred to the estate of Swann as authority, but if you look at what the court actually said about the estate of Swann, that it acted like a trust, and I can't find the quote exactly, but it said, it doesn't really matter whether it's a trust or not. It meets the requirements of 2036, which is an estate tax provision, not a penalty provision. The due process and duty of clarity cases are exactly like this. There's a standard that applies for one set of the law, income tax, or like in NetJets, it's an excise tax. And a different standard, according to the Supreme Court, for the penalty part, the same transaction. It's in NetJets. This court looked at it in Bombardier, but the difference there was the IRS had given an explicit ruling telling the taxpayer, this is what the law is, but that didn't happen in NetJets. So the court recognized the difference. In terms of all the different entities that are involved, and counsel for the government refers to those, look at what the government has done with foreign corporations. The regulations under 7701 for business entities, one of them lists 70 or 80 different foreign entities that are per se corporations. And then it says everything else, here's default rules, and if you want to get out of default rules, you can make an election. And for the penalties for failure to file 45471 relating to a foreign corporation, there's 17,000 words of regulations. For foreign trusts, there's zero. And as I point out in the brief, there are many passages in 6048 that say we need regulations here, and some even say to the extent provided in regulations. In case law, interpreting that phrase says this section isn't operative until there's a regulation. The IRS has just punted on the whole issue. And finally, I'd like to point out that all of the cases we're relying on that have similar kind of parallel fact situations and legal situations, they were all run by large firms, multinational enterprises with large departments, legal and tax lawyers. And the government is asking that you hold Mr. Rebold to a higher standard than the legal departments of NetJet, Fuji, Hitachi, Ford Motor Company, General Electric, and Central Illinois Public Service. Thank you, Mr. Early. The case is under submission. Last case for today, Ward v. Crosskeys Bank.